**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IVAN GOODLOW, JR.,
CDCR# AX-3970,

                                    Plaintiff,

              vs.

MR. VALDEZ,

                                    Defendant.

Case No.:  3:26-cv-1259-RBM-LR

**ORDER:**

**(1) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND**

**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [Doc. 2]**

Plaintiff Ivan Goodlow ("Plaintiff"), a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP").  (Docs. 1, 2.)  Because Plaintiff has raised the same claim against the same Defendant in a prior civil rights action that is still pending in S.D. Cal. Civil Case No. 3:26-cv-1008-JES-MMP, the Court dismisses this case as duplicative and frivolous, and denies the IFP motion as moot.

**I.      SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who

1

is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action Plaintiff previously filed on February 9, 2026 and is currently pending in this Court. *See Goodlow v. Valdez*, S.D. Cal. Civil Case No. 3:26-cv-1008-JES-MMP ("*Goodlow I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Goodlow I*, Plaintiff alleges Defendant Valdez used excessive force against him on March 6, 2025. *See Goodlow I*, Doc. 1 at 3. On May 16, 2026, the Court granted Plaintiff's IFP motion in *Goodlow I* and directed U.S. Marshal service of the complaint. *Goodlow I*, Doc. 5. A summons issued the same day. *Goodlow I*, Doc. 6.

On February 23, 2026, two weeks after filing his complaint in *Goodlow I*, Plaintiff initiated this case ("*Goodlow II*") by filing another complaint pursuant to 42 U.S.C. § 1983

2

alleging Defendant Valdez used excessive force against him on March 6, 2026. (Doc. 1.) The facts alleged in this case are nearly identical to those alleged in *Goodlow I*.

As pleaded, the Court finds Plaintiff's claim in the instant case, *Goodlow II*, are duplicative of the claim alleged in *Goodlow I*. The two cases contain the same allegations, against the same defendant. *Compare Goodlow I*, Case No. 3:26-cv-1008-JES-MMP, Doc. 1 at 3, *with Goodlow II*, Case No. 3:26-cv-1259-RBM-LR, Doc. 1 at 3. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, the Court finds the instant action to be duplicative of *Goodlow v. Valdez, et al.*, S.D. Cal. Civil Case No. 3:26-cv-1008-JES-MMP. As such, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). As noted above, on May 26, 2026, the Court directed U.S. Marshal service of the complaint in *Goodlow I*. Thus, to proceed with his claim, he may do so as directed by the Court in *Goodlow I*, 3:26-cv-1008-JES-MMP, Docs. 5–6.

Accordingly, because the Court finds this case, *Goodlow II*, Case No. 3:26-cv-1259-RBM-LR to be duplicative of *Goodlow I*, it is **DISMISSED** as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

## II.   CONCLUSION AND ORDER

Good cause appearing, the Court:

(1)   **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2)   **DENIES** the motion to proceed *in forma pauperis* (Doc. 2) as moot.

(3)     **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

(4)     **DIRECTS** the Clerk of the Court to enter a judgment of dismissal in this case, S.D. Cal. Civil Case No. 3:26-cv-1259-RBM-LR, and to close the file.

**IT IS SO ORDERED**.

Dated:  May 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-1259-RBM-LR